IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARTIN W. NICHOLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-467-GMS |
| | ) |
| STATE OF DELAWARE DEPARTMENT | ) |
| OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Martin W. Nicholson ("Nicholson"), filed this lawsuit seeking damages as a result of rulings made in the Delaware state court. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)

## I. BACKGROUND

The complaint raises issues regarding Nicholson's obligation to pay child support. Nicholson alleges that the defendants failed to recognize his disability, failed to allow multiple physicians' statements, tried to force him to return to work, failed to recognize the definition of the Americans with Disability Act ("ADA"), and supported a ruling that forced Nicholson to pay child support with arrears that exceeds $10,000. Nicholson alleges the ruling is in contravention of an order that stipulates he has full residential custody of the child, and that the defendant Judge Arlene Minus Coppadge ("Judge Coppadge") refused to recognize the order. Nicholson has been threatened with incarceration if he fails to pay the child support and his driver's license and hunting license have been suspended. As a result, Nicholson is unable to drive to his physical therapy appointments, and he is unable to take advantage of the disability program for Delaware hunters. Nicholson seeks ten million dollars in damages.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Nicholson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

2

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Nicholson leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

It is clear in reading the complaint that Nicholson's claims revolve around his dissatisfaction with State court child support rulings. To the extent Nicholson seeks review and rejection of Delaware state decisions, the claims fall under the purview of the *Rooker-Feldman*

doctrine and, therefore, the court cannot exercise jurisdiction.[1] To the extent the child support action remains pending in State court and has not yet reached final resolution, the court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), which has been extended to civil cases and state administrative proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

In addition, the court lacks subject matter jurisdiction to hear this type of dispute in the first instance. The parties are not diverse, *see* 28 U.S.C. § 1332 and, even were the parties diverse, the court lacks diversity jurisdiction over cases involving domestic relations, as follows:

> the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States, has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction. This application is consistent with *Barber*'s directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees. We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.

*Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (citations omitted). *See also Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972) ("Domestic relations is a field peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts.").

Based upon the foregoing, the court lacks subject matter jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction and the *Rooker-Feldman* doctrine.

---

[1] The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

## IV. CONCLUSION

The court will dismiss the complaint for want of jurisdiction and based upon the defendants' immunity[2] from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). In light of the nature of Nicholson's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

August 25, 2015
Wilmington, Delaware

---

[2]The State of Delaware Department of Justice, State of Delaware Family Court, and Delaware Division of Child Support Enforcement are immune from suit by reason of the Eleventh Amendment of the United States Constitution which protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Judge Coppadge has absolute judicial immunity as a judicial officer in the performance of her duties and she is not be liable for her judicial acts. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006).

5